Good morning, Your Honors, and may it please the Court, Shi Wan Che appearing on behalf of Respondents. I would like to reserve five minutes of my time for rebuttal. Your Honors, this is a straightforward case, and the correct outcome here is governed by binding precedent. In Rumsfeld v. Padilla, the Supreme Court wrote in black and white, whenever a Section 2241 habeas petitioner seeks to challenge his present physical confinement within the United States, he should name his warden as Respondent and file his petition in the District of Confinement. And so finding, didn't the Court leave open the possibility for what Doe is suggesting here in footnote 8? With respect to an immigration exception, no, Your Honor. Footnote 8, and the cases in footnote 8 were not challenging present physical confinement. What they were challenging were removal orders. And in fact, in a number of those cases, for example, Henderson, which the Petitioners were not actually in confinement at all. They were out in the community. And what we've addressed in our briefs and what Petitioners not addressed in response, and what Judge Berzon addressed in her dissent in Armin Tarot II, is that those cases involve challenges to removal orders. And in the very same decision, Padilla, where the Supreme Court had this footnote 8, the Supreme Court wrote specifically at page 439 that there is, with respect to the Warden as Respondent rule, there is no distinction based on the source of confinement, whether it's criminal versus non-criminal, whether it's immigration versus non-immigration. And going on further at pages 449 and 450, the Supreme Court said, we do not have any case where we have held any exception to the Warden as Respondent and District of Confinement rules with respect to challenges to present physical confinement. And so this case does not involve a challenge to a removal order. It involves a challenge to present physical confinement. Is it a core habeas case? Yes, it is a core habeas case. And Petitioner makes this argument about the use of the word core. Petitioner cites to the Supreme Court's decision in Praser. First of all, just to be clear, this case falls within the core of habeas under Praser and is a core petition under Padilla. But the decisions describe what they mean by core. And in Praser, what the Supreme Court was addressing is what sort of cases are within habeas jurisdiction. And habeas jurisdiction has to challenge custody. It's written right into the statute at 28 U.S.C. 2241C. There has to be a challenge to custody. And what Petitioner is arguing only on appeal, this is not what he argued before the District Court, but the argument he's not challenging his custody, his confinement at GSA. That he's not challenging the underlying legal basis. Is that right? So that's what he's saying. And there are at least three things that are wrong with that argument. First, it contradicts the plain language of this petition. His petition writes in black and white that he is bringing a challenge to his custody. He says due process protects noncitizens from arbitrary prolonged detention. He's challenging his detention. He asks the District Court to order his release. He was asking for his release. So the claim that he was not challenging his detention and not seeking release is contradicted by the plain language of his petition. That's the first of at least three issues with this. The second is assuming for the sake of argument that really what he is challenging is only, as he says, the denial of procedures, the denial of a bond hearing and not his underlying detention. That is not custody. And as the Supreme Court held in Thurisigium, a challenge just seeking additional procedure and not challenging the underlying custody is not a habeas case and doesn't give rise to habeas jurisdiction. So that's the second of at least three problems. The third problem is he's bringing this habeas petition as a due process challenge. And it's black letter law that in order to bring a due process challenge, a threshold issue is you first have to have a protected liberty or property interest. And here, what is the protected liberty interest? If what he is claiming is that he's only challenging the denial of procedures and not the underlying detention, there is no protected interest in those procedures in the bond hearing. Petitioner was subject to mandatory detention under 8 U.S.C. 1226C. There was no statutory right to a bond hearing. And there's no constitutional right, a freestanding right, to just a bond hearing. So if he's really limiting his claim to only seeking the denial of a bond hearing, there's no protected interest in that and, therefore, no due process. Well, so is the government's position that this claim is not cognizable and habeas, or you agree that it is? The actual claim that Petitioner pleaded is cognizable, because what he's really challenging is not the denial of a hearing. What he's challenging is his detention at GSA without being provided a hearing. That is cognizable. That's a challenge to him. His liberty interest is his interest in being free from detention. Okay. So if he filed a Section 1983 lawsuit in the Northern District of California, your position would be that that's improper and should be refiled as a habeas action? Yes, Your Honor. Well, first of all, there's no 1983 against the federal government, but in — Bivens or some other, you know — As a due process claim. Exactly. Because there's no separate interest just in the hearing. What his interest is is in freedom from detention without having a hearing. That is cognizable. That's absolutely cognizable. We're not arguing a lack of subject matter jurisdiction, but that has to be brought in habeas. And if it's brought in habeas, it has to comply with the habeas rules that say when you're challenging detention, you must name the warden as respondent and file in the District of Confinement. So that's black-letter law under the Supreme Court. This Court has held the same in numerous published precedential decisions. In Brittingham, the Supreme Court has held that when a federal detainee is held at a non-federal facility, the proper respondent is not the federal authorities. It is the non-federal warden of that facility, because that is the immediate custodian. And the Supreme Court cited and endorsed Brittingham in Padilla. What about our decision in Fest? So there's at least three issues here with Fest. So first, Fest relies heavily on Braden B. 38th Judicial Court, which, you know, as the Supreme Court held in Padilla, dealt with challenges to future confinement, not challenges to present physical confinement. And likewise, Fest relied very heavily on this sort of principle theory. And the Supreme Court held in Padilla that that principle theory is incorrect. At page 439 of 440 and footnote 13, the Supreme Court was very clear. The proper respondent is not the person who has authority, who has legal authority over the custody. It is the person who has, the immediate custodian who has physical custody, the warden, regardless of whether the warden does or does not have any legal authority. So the underlying premise of this sort of principle theory under Fest has been abrogated by Padilla. So that's issue number one. Issue number two is even assuming that the principle theory applies, the field office director, the FOD is not the principle here. The FOD has no legal authority to release petitioner, which is very distinct from the parole board at issue in Fest. The FOD here has no legal authority, cannot make any legal decision to release the petitioner. So the FOD is not the principle even under the Fest theory. The third thing I should note is that Fest addressed a state versus state confinement. And actually, incidentally, Braden also addressed state versus state confinement. But then in this court's decision in Dunn, when it was addressing state versus federal future confinement, this court held that the proper respondent was the warden, and the proper district to file was the district of confinement. And in Brittingham, also involving federal detention at a non-federal facility, this court held that the proper respondent was the non-federal warden. Does it matter when you're addressing the warden? Does it matter what the contract says between the federal government and the private detention center with respect to the warden's power? No, Your Honor, because what matters is that the warden is the immediate custodian. And this has been held by every other court of appeals that has addressed this issue. Obviously, it's been held by Brittingham, which the Supreme Court endorsed in Padilla. It's been held by the First Circuit in Thompson. It's been held by the Third Circuit in Anariba. And I should note that Anariba also involved a situation where there was a facility and F.O.D.s in different districts. The F.O.D. there was in New York. The facility was in New Jersey. The Third Circuit held that the proper respondent was the warden. You have to name the warden, the New Jersey warden, and file him in the district of confinement. The Seventh Circuit held that in Koliavsky. Again, same issue, where the F.O.D. was in one district, the petitioner was in another district, Wisconsin versus Illinois. The petitioner tried to name the F.O.D. as the respondent. And the Seventh Circuit held, no, you have to name the warden as the respondent. And the D.C. Circuit held the same thing in Stokes with respect to a private prison, not a federal facility, not even a state facility, a private for-profit detention facility. And the D.C. Circuit held that the proper respondent was that private for-profit contract warden, that the proper district was the district of confinement, and that any prior cases that held to the contrary were no longer good law after Padilla. This is from our own curiosity. I don't know if it's in the record, but what was the reason for not removing the petitioner, and why was he held in detention for a prolonged period? His removal proceedings are still ongoing. So petitioner has challenged his removal, and I think the merits hearing was on I want to say April. The immigration judge has not issued a decision yet, but the removal proceedings have been ongoing. And one thing I want to note, petitioner makes this argument about wardens being not capable of responding to habeas petitions, and that's just not supported. And one way that we know that's not supported is this is what happens everywhere else in the country. In the Seventh Circuit, it's been black-letter law for 20 years that when immigration detainees bring habeas petitions, they have to name the warden as the respondent. And there's been nothing in the record, certainly petitioner points to nothing, that those wardens have been incapable of responding. And similarly, in the Third Circuit in Anariva, and this happens in New York versus New Jersey, they name the New Jersey wardens, and there's nothing in the record showing that those wardens are not capable of responding. They're not capable because they have a contractual relationship with the federal government and they're obligated to do this if the government tells them to. Respond to... so petitioner is making the argument that wardens are not able to put forth a response to habeas petitions, and that's not correct. Wardens have put forth responses to habeas petitions, and the courts have... Through the government? I mean, if they're a private prison, the response is through the government. The government has the authority to represent the wardens, yes. Do the private prisons themselves come forward and represent themselves in these cases? I don't know the outcome of every case. I know the government has the authority to step in, and that's undisputed under 28 U.S.C. 517. But that does not excuse petitioners from the warden as respondent rule. It does not give petitioners leave to name the fraud or to bring a case outside the district of confinement. Petitioner says that if we enforce the warden as respondent rule, we place the warden in an impossible situation. There's a tension between this court's order to produce the body and the contract that they have with ICE to keep the prisoner in place. Your Honor, I... Their solution to name the fraud doesn't alter that tension. If the fraud is named as the respondent, the fraud is also in tension because, on the one hand, it would have a habeas order before this court. On the other hand, it would have the mandate from Congress to not release the petitioner under any circumstances. So naming the fraud doesn't address that issue. And the issue of if a habeas order from the court can supersede an act from Congress, then certainly it can supersede a contractual requirement because they have to comply with the orders of the court. Unless the panel has any more questions, I reserve the rest of my time for rebuttal. Thank you. ... ... ... ... ... May it please the Court, Jordan Wells on behalf of Petitioner John Doe. There are two bases independent and sufficient for affirming the district court, and the court has already inquired about each of them. One is that the petition in this case sought a procedural remedy that's distinct from a habeas petition seeking simple release. That's the first ground. And in that case, the petitioner can name the official that exercises legal control with respect to the challenge restraint. How can you argue
judges: LEE, BRESS, Kane